UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

TTM MB PARK, LLC,                                            Case No.: 12-00174

    Debtor.

**ORDER DENYING CAPMARK BANK'S MOTION FOR A DETERMINATION THAT THE DEBTOR IS SUBJECT TO THE SINGLE ASSET REAL ESTATE PROVISIONS OF 11 U.S.C. § 362(d)(3)**

W. Patton Hahn, Attorney for Capmark Bank, Mobile, Alabama
W. Alexander Grey Jr. and Lawrence B. Voit, Attorneys for the Debtor, Mobile, Alabama

This case is before the Court on Capmark Bank's motion for a determination that the Debtor is subject to the single asset real estate provisions of 11 U.S.C. § 362(d)(3). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the motion is DENIED.

The parties submitted a stipulation of facts that are incorporated here by reference. In brief, the Debtor is a Chapter 11 debtor who partially owns and operates two apartment complexes. Those complexes are located roughly 3.3 miles from one another but share several relevant commonalities of ownership, financing, and management. Capmark Bank ("Capmark") seeks an order stating that the two properties are "single asset real estate" ("SARE") as defined in 11 U.S.C. § 101(51B). A SARE determination is significant because it is a precursor to automatic stay relief, specific adequate protection, or the filing of a plan pursuant to 11 U.S.C. § 362(d)(3). The Court held a hearing on Capmark's motion on March 6, 2012 and took the matter under advisement.

1

The Bankruptcy Code defines the term SARE as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B). The only requirement in § 101(51B) at issue in this case is whether the properties constitute a "single project." To be considered a "single project," the "properties must be linked together in some fashion in a *common plan or scheme involving their use*. The mere fact of common ownership, or even a common border, will not suffice." *In re McGreals*, 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996) (emphasis added). The burden of proving that the properties fit that description is on the moving party, Capmark, by a preponderance of the evidence. *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (citing *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 644 (1991)).

Capmark argues that the two properties constitute a SARE because they are linked by a common purpose—owning and operating rental real estate for profit. It asserts that the following facts exhibit that common purpose and weigh in favor of a SARE determination. First, the properties are the result of a single plan of financing. They are subject to a single mortgage and a single absolute assignment of leases and rents. Further, the apartment complexes do not have a separate legal identity beyond their respective trade names. Second, the properties share the same ownership structure. The Debtor's 40% interest in the two properties is the result of a single tenant-in-common agreement with two co-borrowers. Likewise, the debtor and co-borrowers entered into a management agreement providing for the properties' collective management. Moreover, both the tenant-in-common agreement and the management agreement

refer to the properties as the "Property." The Debtor referred to the properties singularly as the "Property" in an underlying state court suit as well. Capmark further argues that properties do not have to be adjacent or contiguous in order to be a "single project" SARE. Rather, it asserts that the proximity of the properties to one another is merely a factor to be considered in determining whether a single project exists.

In contrast, the Debtor contends that the apartment complexes do not constitute a SARE. The Debtor asserts that a physical nexus between separate parcels of property is a necessary characteristic in a "single project" SARE. It submits that in nearly every case where courts have found multiple parcels of property to be a SARE, those properties were adjacent or contiguous. *See In re Light Foot Group LLC*, 2011 WL 5509025, *2 (Bankr. D. Md. November 10, 2011); *In re Syed*, 238 B.R. 133 (Bankr. N.D. Ill. 1999). It explains that without the physical nexus, many separate properties placed over great geographic distances could be considered a SARE—a result it contends flies in the face of Congressional intent. As such, the Debtor finds it determinative that the properties in this case are non-adjacent, located several miles apart, and contain different improvements. Further, the Debtor argues that it is significant that the apartment complexes are assessed separately for tax purposes and are subject to individualized promissory notes. Moreover, the Debtor highlights that the apartment complexes maintain separate books and records, employ different employees, and the tenants of the two complexes do not share rights and privileges at both complexes.

A SARE determination is necessarily contingent on the facts presented. Here, the facts and arguments weigh heavily on both sides. On one hand, it is significant that the properties share financing, ownership, and management structures. On the other, the physical distance between the properties speaks strongly against their common use or scheme, particularly

3

considering the lack of precedent finding multiple geographically separated properties to be a SARE. On balance, the facts and arguments are equally persuasive. This equilibrium of facts does not meet the preponderance of the evidence standard. *In re Baccam*, 166 B.R. 455, 456-57 (Bankr. M.D. Fla. 1994). Thus, Capmark, as the movant, has failed to shoulder its burden of proof.

Therefore, it is ORDERED:

1. Capmark's motion is DENIED for failure to meet its burden of proof that the properties satisfy the definition of single asset real estate codified at 11 U.S.C. § 101(51B).

Dated:   March 12, 2012

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE